IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| THOMAS A. SAYRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-0193 |
| | ) | |
| MS. CURTIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 26, 2010, Plaintiff, acting *pro se* and formerly incarcerated at Stevens Correctional Center, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 2.) Plaintiff names the following as Defendants: (1) Ms. Curtis, Mailroom Supervisor; and (2) George Janice, Warden. In his Complaint, Plaintiff alleges as follows:

> Beginning about August 8, they would hold my outgoing mail any where from two days to eight days before mailing it out. It went on until they moved me. After I filed a grievance on it, they started messing with my incoming mail too, in violation of my First Amendment rights. The defendant Curtis delayed my incoming and outgoing mail in violation of my First Amendment right of the United States Constitution. The actions of the defendant abridged not only the Division of Corrections Policy, but court decisions of the U.S. Supreme and District Courts in violation of the First Amendment.

(Id., pp. 4 - 5.) Plaintiff requests declaratory and injunctive relief. (Id., p. 5.)

On January 18, 2011, Plaintiff filed a letter in support of his Complaint. (Document No. 7.) Plaintiff states that prison officials are "messing with our mail big time." (Id., p. 2.) Plaintiff states that "Ms. Curtis told me why it took so long for our mail to get out was because the Warden George

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Janice told them to read all mail that goes out and comes in to there." (Id., p. 3.) Plaintiff continues to allege that prison officials are delaying his outgoing mail by one to eight days. (Id., p. 4.) As Exhibits, Plaintiff attaches the following: (1) A chart indicating the date of the letter, postmark date, and date received (Id., pp. 6 - 7.); (2) A copy of Plaintiff's Inmate Grievance Form dated August 6, 2009 (Id., p. 8.); (3) A copy of Plaintiff's Inmate Grievance Form dated February 12, 2008 (Id., pp. 11 - 15.); (4) A copy of Plaintiff's Inmate Grievance Form dated February 12, 2009 (Id., pp. 16 - 18.); (5) A copy of Plaintiff's Inmate Grievance Form dated February 15, 2009 (Id., pp. 19 - 21.); (6) A copy of Plaintiff's Inmate Grievance Form dated May 12, 2009 (Id., pp. 22 - 24.); (7) A copy of a "Consumer Service Card" from the United States Postal Service (Id., p. 25.); and (8) A copy of the "Track & Confirm" from the United States Postal Service (Id., p. 27.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Prisoners have a First Amendment right to communicate with the outside world by sending and receiving mail. Thornburg v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The Supreme Court, however, has recognized that an inmate's rights "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Thornburgh, 490 U.S. at 407, 109 S.Ct. at 1878, citing Turner, 482 U.S. at 85, 107 S.Ct. at 2259. Thus, prison regulations may impinge upon an inmate's First Amendment right to receive or send mail so long as it is "reasonably related to legitimate penological interests." Turner, 482 U.S. at 89, 107 S.Ct. at 2262. In the instant case, Plaintiff alleges that Defendants "would hold my outgoing mail anywhere from two days to eight days before mailing it out" and later "started messing with my incoming mail too." The opening and

3

inspecting of an inmate's non-legal mail to confirm it does not contain contraband is reasonably related to a legitimate penological interest. See Altizer v. Deeds, 191 F.3d 540 (4th Cir. 1999)(The opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and therefore, does not violate the First Amendment). Additionally, it is well recognized that relatively isolated or short-term disruption in an inmate's mail does not rise to the level of a constitutional deprivation. White v. White, 886 F.2d 721, 724 (4th Cir. 1989)(dismissing inmate's Section 1983 claim as frivolous where his allegations of disruption in his attempts to mail legal correspondence were speculative and included no claim of actual injury); Sizemore v. Willford, 829 F.2d 608, 610 (7th Cir. 1987)(persistent short-term delays in inmate's receipt of mail does not raise to a constitutional deprivation); Rose v. Shake, 196 F.3d 778, 782 (7th Cir. 1999)(relatively short-term and sporadic delays in inmate's receipt of nonlegal mail does not violate his First Amendment rights); Yarrell v. Buchanan, 2001 WL 34610460 (W.D.N.C. July 11, 2001)("neither the 'eight (8) day delay' as plaintiff describes it, nor the isolated incident of having his non-legal mail opened outside his presence rises to the level of a violation of plaintiff's First Amendment rights). The Court further notes that Plaintiff has failed to allege any facts suggesting that Defendants' alleged actions caused him actual injury. Based on the foregoing, the undersigned finds that Plaintiff's above claim should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from

the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 27, 2012.

R. Clarke VanDervort
United States Magistrate Judge